IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01233-BNB

MATTHEW HALE,

    Applicant,

v.

DAVID BERKEBILE, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Matthew Hale, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Hale initiated this action by filing *pro se* an "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) and a "Brief in Support of Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. sec 2241" (ECF No. 3).  On May 6, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Hale to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255.  On May 3, 2014, Mr. Hale filed "Hale's Response to Order to Show Cause" (ECF No. 8) and an "Additional Response to Order to Show Cause" (ECF No. 8-1).

The Court must construe the papers filed by Mr. Hale liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

Mr. Hale was convicted in the United States District Court for the Northern District of Illinois of obstructing justice and soliciting a crime of violence in connection with his involvement in a plot to murder a federal district judge. He was sentenced to 480 months in prison, and the judgment of conviction was affirmed on direct appeal. *See United States v. Hale*, 448 F.3d 971 (7th Cir. 2006) (per curiam), *cert. denied*, 549 U.S. 1158 (2007). Mr. Hale concedes that he has challenged his convictions in the sentencing court in a motion pursuant to 28 U.S.C. § 2255. The sentencing court denied the § 2255 motion, *see Hale v. United States*, No. 1:08CV94, 2010 WL 2921634 (N.D. Ill. July 22, 2010), and also denied Mr. Hale's motion to reconsider the order denying the § 2255 motion, *see Hale v. United States*, No. 1:08CV94, 2011 WL 5104630 (N.D. Ill. Oct. 27, 2011). The order denying the § 2255 motion was affirmed on appeal. *See Hale v. United States*, 710 F.3d 711 (7th Cir.), *cert. denied*, 134 S. Ct. 333 (2013).

Mr. Hale asserts eight claims for relief in the application. He contends in claim one that his Fifth and Eighth Amendment rights were violated because he is factually and legally innocent and imprisoned for conduct that is not criminal. Mr. Hale similarly contends in claim two that his Fifth and Eighth Amendment rights were violated because there was no evidence to support the convictions. Claims three, four, and five raise issues relevant to the § 2255 motion Mr. Hale filed in the sentencing court and do not challenge the validity of his convictions or sentence. Mr. Hale specifically asserts in claims three, four, and five that the remedy available pursuant to § 2255 proved to be

inadequate because the sentencing court and the United States Court of Appeals for the Seventh Circuit intentionally mischaracterized his ineffective assistance of counsel claim to avoid addressing the merits of the claim and to justify denying relief (claim three), denied relief based on hostility to his religious beliefs (claim four), and treated him differently based on his religious beliefs (claim five).  Mr. Hale contends in claim six that trial counsel was ineffective in six specific ways.  He contends in claim seven that his Fifth and Sixth Amendment rights to a fair trial and impartial jury were violated because a juror was prejudiced against him.  Mr. Hale finally contends in claim eight that his Fifth Amendment rights were violated when he was excluded from the trial court's individual voir dire process without personally waiving his presence.  Mr. Hale concedes that he previously raised claims six and eight in the § 2255 proceedings.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Hale does not dispute, that he is challenging the

validity of his criminal convictions in claims one, two, six, seven, and eight. Therefore, those claims must be raised in the Northern District of Illinois in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective. Claims three, four, and five do not challenge the validity of Mr. Hale's convictions. However, the arguments in claims three, four, and five are relevant to the issue of whether Mr. Hale may pursue claims six and eight in this habeas corpus action and will be addressed below.

Mr. Hale bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Hale's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Hale argues that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective for several reasons. With respect to claims one and two in the application, he contends that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because he is actually innocent and a fundamental miscarriage of justice will occur if he is not allowed to raise these claims in a habeas corpus action pursuant to § 2241. Mr. Hale argues in claims three, four, and

five that the remedy available pursuant to § 2255 in the sentencing court proved to be inadequate or ineffective because the trial court and the Seventh Circuit intentionally mischaracterized the claims he was asserting.  Mr. Hale's arguments in claims three, four, and five are relevant to claims six and eight, the claims Mr. Hale concedes he previously raised in the § 2255 proceedings.  With respect to claim seven, Mr. Hale maintains that the remedy available in the sentencing court pursuant to § 2255 was inadequate or ineffective because the facts supporting claim seven were unknown and undiscoverable until 2011 and could not have been raised in the § 2255 motion he filed in 2008.  Finally, Mr. Hale argues that his actual innocence arguments serve as a gateway to pursue his claims regardless of any procedural bar pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), and that a failure to consider his claims in this § 2241 habeas corpus action will violate his constitutional rights.

      Mr. Hale's actual innocence and fundamental miscarriage of justice arguments with respect to claims one and two primarily are premised on legal arguments and caselaw from other circuits that are not pertinent to the Court's analysis under *Prost*.  As set forth above, in the Tenth Circuit the only relevant question for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Hale's claims could have been raised in an initial § 2255 motion.  *See Prost*, 636 F.3d at 584.  Furthermore, "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant."  *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013).

      Mr. Hale fails to demonstrate that he could not have raised his actual innocence and fundamental miscarriage of justice arguments in his initial § 2255 motion.  To the

5

extent he relies on the erroneous circuit foreclosure test to demonstrate the remedy available in the sentencing court pursuant to § 2255 was inadequate or ineffective, the Tenth Circuit in *Prost* explicitly rejected that test. *See Prost*, 636 F.3d at 590-93. As a result, Mr. Hale fails to demonstrate the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective based on his actual innocence and fundamental miscarriage of justice arguments.

Furthermore, even if the Court were to consider the merits of Mr. Hale's actual innocence and fundamental miscarriage of justice arguments, he fails to allege facts that demonstrate he is actually innocent or that a failure to consider his claims will result in a fundamental miscarriage of justice. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, a credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Mr. Hale then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Mr. Hale contends he is factually and legally innocent because the evidence presented at his trial was insufficient to support a conviction. He does not support his claim of actual innocence with any new reliable evidence that was not presented at trial; he merely disagrees with the jury's conclusions based on the evidence presented. Therefore, the Court concludes that Mr. Hale fails to present a credible claim of actual

innocence.

Mr. Hales's arguments in claims three, four, and five also do not demonstrate that he was denied the opportunity to test claims six and eight in the sentencing court pursuant to § 2255. *See Prost*, 636 F.3d at 585 ("[T]he savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim."). The fact that Mr. Hale was denied relief pursuant to § 2255 in the sentencing court does not demonstrate the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.3d at 673 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective."). Mr. Hale's assertion that the trial court and the Seventh Circuit intentionally mischaracterized the claims he asserted in the § 2255 proceedings also does not demonstrate that the remedy available pursuant to § 2255 was inadequate or ineffective. "The ultimate result may be right or wrong as a matter of substantive law, but the savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim." *Prost*, 636 F.3d at 585.

Mr. Hale's argument with respect to claim seven, the claim premised on evidence that allegedly was unknown to him and undiscoverable until 2011, also fails to demonstrate the remedy available pursuant to § 2255 is inadequate or ineffective because § 2255(h)(1) contemplates that newly discovered evidence may be the basis for a second or successive § 2255 motion. Mr. Hale's assertion that § 2255(h)(1) only applies to newly-discovered evidence of innocence and not other newly-discovered evidence does not alter this conclusion. "[T]he mere fact that [Mr. Hale] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *See Caravalho*, 177 F.3d at 1179. Furthermore, the Court need not

7

consider whether the particular newly-discovered evidence claim Mr. Hale seeks to raise satisfies the requirements of § 2255(h)(1) because "[t]he savings clause doesn't guarantee results, only process." *Prost*, 636 F.3d at 590; *see also Jameson v. Samuels*, – F. App'x –, No. 13-6237, 2014 WL 292620 at *3 (10th Cir. Jan. 28, 2014) (concluding that remedy provided in the sentencing court pursuant to § 2255 was not inadequate or ineffective for claims premised on newly discovered evidence even though the new evidence was insufficient to meet the stringent standard for filing a second or successive motion under § 2255(h)(1)).

The Court next will address Mr. Hale's actual innocence gateway argument premised on the Supreme Court's decision in *McQuiggin*. Supreme Court decisions prior to *McQuiggin* provided that "a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims." *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006)). The Supreme Court in *McQuiggin* held that a credible showing of actual innocence also provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *Id.*

The equitable exception announced in *McQuiggin* does not benefit Mr. Hale in this action for two reasons. First, Mr. Hale's claims are barred by § 2255(e), a statutory provision that imposes a jurisdictional bar. *See Abernathy*, 713 F.3d at 557. The equitable exception to a procedural bar that is not jurisdictional announced in *McQuiggin* cannot overcome a jurisdictional bar. *See Strickland v. English*, No. 5:13-cv-248-RS-EMT, 2013 WL 4502302 at *8 (N.D. Fla. Aug. 22, 2013); *see also Whitehorse v. United*

*States*, No. 13-CV-2922 (PJS/JJK), 2014 WL 668176 at *2 (D. Minn. Feb. 20, 2014) ("*McQuiggin* does not stand for the proposition that *all* impediments to post-conviction relief are inapplicable to claims of actual innocence."). Second, even if the equitable exception announced in *McQuiggin* could be applied to the jurisdictional bar in § 2255(e), Mr. Hale still fails to make a credible showing of actual innocence. As discussed above, Mr. Hale's disagreement with the jury's determination of guilt is not new and reliable evidence of actual innocence.

Finally, Mr. Hale argues that a failure to consider his claims in this habeas corpus action pursuant to § 2241 will violate due process, subject him to cruel and unusual punishment, and suspend the writ of habeas corpus. He specifically argues as follows in support of these constitutional claims:

> Thus, Hale's valid claim of innocence *itself* requires that his claim be heard on the merits pursuant to section 2241 regardless of whether his section 2255 proceeding was inadequate or ineffective in the view of this court. And to the extent that it could be found that section 2255 indeed bars Hale's innocence claim, he asserts that section 2255 is unconstitutional. This is because the keeping of a verifiably innocent man in prison is itself a violation of the Fifth and Eighth Amendments to the Constitution of the United States that overrides any statutory authority that would allow him to remain imprisoned. If an innocent person is denied his freedom because of a statutory prohibition, he is denied the process that he is due thus violating the Fifth Amendment. If he continues to be imprisoned for conduct that is not criminal, he suffers cruel and unusual punishment thus violating the Eighth Amendment; it is cruel because he is imprisoned for conduct he had a legal right to partake in and it is unusual because the imprisonment of an innocent man is the "exceptional case" in the criminal law. Since the continued imprisonment of a verifiably innocent man constitutes cruel and unusual punishment, a procedural rule that *requires* such continued imprisonment must *also* constitute cruel and unusual punishment in violation of the

> Eighth Amendment. Habeas corpus must always be available for the prisoner who presents a substantial claim of actual, factual, verifiable innocence. Constitutional guarantees cannot be superseded (or suspended) by a procedural rule or statute. If Hale cannot be constitutionally imprisoned for conduct that does not violate the law, a statute, procedural rule, or interpretation providing for that must also violate the Constitution. . . . To allow the continued imprisonment of a verifiably innocent man would be to impair the writ in its most important function.

(ECF No. 3 at 12-13 (citations omitted).)

Mr. Hale's constitutional arguments do not withstand scrutiny. The premise of these constitutional arguments is that Mr. Hale is asserting claims that demonstrate actual innocence. However, as discussed above, Mr. Hale cannot state a credible claim of actual innocence based on his contention that the evidence presented was insufficient to support his convictions. Mr. Hale has not presented any new reliable evidence that was not presented at trial; he merely disagrees with the jury's verdicts. As a result, the constitutional arguments lack merit.

For all of these reasons, the Court finds that Mr. Hale fails to demonstrate the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. Therefore, the application must be dismissed for lack of statutory jurisdiction. *See Abernathy*, 713 F.3d at 557. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   16th   day of     June        , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court