IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01233-LTB

MATTHEW HALE,

    Applicant,

v.

DAVID BERKEBILE, Warden,

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, Matthew Hale, filed *pro se* on July 9, 2014, a Motion to Alter the Judgment Pursuant to Rule 59(e) of the Fed. Rules of Civil Procedure (ECF No. 24) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 18) and the Judgment (ECF No. 19) entered in this action on June 16, 2014.  The Court must construe the motion to reconsider liberally because Mr. Hale is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The motion to reconsider will be denied for the reasons discussed below.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the judgment in this action was entered. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Hale initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction. Mr. Hale was convicted in the United States District Court for the Northern District of Illinois. The Court denied the application and dismissed the action for lack of statutory jurisdiction because Mr. Hale failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective.

After review of the motion to reconsider and the entire file, the Court finds that Mr. Hale fails to demonstrate any reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Hale does not present any new controlling law or evidence and the Court remains convinced that the action properly was dismissed for

lack of statutory jurisdiction because Mr. Hale fails to demonstrate the claims he asserts could not have been raised in an initial § 2255 motion.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  Therefore, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that the "Motion to Alter the Judgment Pursuant to Rule 59(e) of the Fed. Rules of Civil Procedure" (ECF No. 24) is DENIED.

DATED at Denver, Colorado, this  21st  day of     July          , 2014.

BY THE COURT:


  s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court